UNITED STATES DISTRICT COURT
FOR THE SOUUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| LAQUETTA M. WARD, | CIVIL ACTION |
| Plaintiff, | |
| v. | COMPLAINT 4:20-cv-00152 |
| LIBERTY UNIVERSITY, INC., | JURY TRIAL DEMANDED |
| Defendant. | |

## COMPLAINT

**NOW COMES** LaQuetta M. Ward ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd., complaining of the Defendant, Liberty University, Inc. ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for damages pursuant to the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227, Invasion of Privacy ("IOP"), Intentional Infliction of Emotional Distress ("IIED"), and Trespass to Personal Property ("TPP").

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Plaintiff resides in the Southern District of Texas, Defendant conducts business in the Southern District of Texas, and a substantial portion of the events or omissions giving rise to the claims occurred within the Southern District of Texas.

1

### PARTIES

4. Plaintiff is a consumer and natural person over 18-years-of-age who, at all times relevant, resided in the Southern District of Texas.

5. Defendant is the largest private, non-profit, online educator headquartered at 1971 University Boulevard, Lynchburg, Virginia 24502.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, vendors, representatives and insurers at all times relevant to the instant action.

### FACTS SUPPORTING CAUSE OF ACTION

7. In or around December 2019, Plaintiff began receiving phone calls from Defendant to her cellular phone number (832) XXX-3994.

8. At all times relevant, Plaintiff was the sole subscriber, owner, and operator of the cellular phone number ending in 3994. Plaintiff is and has always been financially responsible for the cellular phone and its services.

9. At no time did Plaintiff provide Defendant with consent to call her cellular phone number.

10. Upon receiving dozens of phone calls, Plaintiff answered a phone call from Defendant, informed the representative that she was not interested in Defendant's services, and demanded it cease calling her.

11. After this call, Defendant continued to place calls to Plaintiff's cellular phone despite her request that the calls cease.

12. In the phone calls Plaintiff answered, Plaintiff was greeted by a noticeable period of "dead air" while Defendant's telephone system attempted to connect Plaintiff to a live agent.

13. Specifically, there would be an approximate 3 second pause between the time Plaintiff said "hello," and the time that a live agent introduced them self as a representative of Defendant.

14. Plaintiff has received several unwanted phone calls from Defendant between December 2019 to present day, with multiple calls taking place in one day and calls taking place on back to back days.

15. The phone number that Defendant most often uses to contact Plaintiff is (434) 592-4309, but upon information and belief, it may have used other phone numbers to place calls to Plaintiff's phone.

## DAMAGES

16. Defendant's harassing phone calls have severely disrupted Plaintiff's daily life and general well-being.

17. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies unwanted telephone solicitation calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of her telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on her cellular phone, and diminished space for data storage on her cellular phone.

18. In addition, each time Defendant placed a telephone call to Plaintiff, Defendant occupied Plaintiff's telephone number such that Plaintiff was unable to receive other phone calls.

## COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

19. Plaintiff restates and realleges paragraphs 1 through 18 as though fully set forth herein.

20. Defendant repeatedly placed or caused to be placed frequent non-emergency calls, including but not limited to the calls referenced above, to Plaintiff's cellular telephone number using an automatic telephone dialing system ("ATDS") without Plaintiff's consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

21. The TCPA defines ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers." 47 U.S.C. §227(a)(1).

22. Upon information and belief, based on Defendant's lack of prompt human response during the phone calls in which Plaintiff answered, Defendant used an ATDS to place calls to Plaintiff's cellular telephone.

23. Upon information and belief, the ATDS employed by Defendant transfers the call to a live agent once a human voice is detected, thus resulting in a pause after the called party speaks into the phone.

24. Upon information and belief, Defendant's phone system stores telephone numbers to be called, using a random or sequential number generator, which it used to call Plaintiff on her cellular phone.

25. Defendant violated the TCPA by placing numerous phone calls to Plaintiff's cellular telephone between December 2019 and the present day, using an ATDS without her consent.

26. Any prior consent, if any, was revoked by Plaintiff's verbal revocation.

27. As pled above, Plaintiff was severely harmed by Defendant's collection calls to her cellular phone.

28. Upon information and belief, Defendant has no system in place to document and archive whether it has consent to continue to contact consumers on their cellular phones.

29. Upon information and belief, Defendant knew its collection practices were in violation of the TCPA, yet continued to employ them to increase profits at Plaintiff's expense.

30. Defendant, through its agents, representatives, vendors, subsidiaries, third party contractors and/or employees acting within the scope of their authority acted intentionally in violation of 47 U.S.C. §227(b)(1)(A)(iii).

31. Pursuant to 47 U.S.C. §227(b)(3)(B), Defendant is liable to Plaintiff for a minimum of $500 per phone call. Moreover, pursuant to 47 U.S.C. §227(b)(3)(C), Defendant's willful and knowing violations of the TCPA triggers this Honorable Court's discretion to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. §227(b)(3)(C).

**WHEREFORE**, Plaintiff LAQUETTA M. WARD respectfully prays this Honorable Court for the following relief:
   a. Declare Defendant's phone calls to Plaintiff to be violations of the TCPA;
   b. Award Plaintiff damages of at least $500 per phone call and treble damages pursuant to 47 U.S.C. § 227(b)(3)(B)&(C); and
   c. Awarding Plaintiff costs and reasonable attorney fees;
   d. Enjoining Defendant from further contacting Plaintiff; and
   e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II-INVASION OF PRIVACY-INTRUSION UPON SECLUSION

32. Plaintiff restates and realleges paragraphs 1 through 31 as though fully set forth herein.

33. Defendant, through its collection conduct, has repeatedly and intentionally invaded Plaintiff's privacy.

34. Defendant's persistent and unwanted autodialed phone calls to her cellular phone eliminated Plaintiff's right to be left alone.

35. Moreover, Defendant's behavior in continuously contacting Plaintiff at different times throughout the day, including while Plaintiff was at work, was highly intrusive and invasive.

36. All of the calls made to Plaintiff's cellular and work phones were made in violation of the TCPA, and were unreasonable and highly offensive invasions of Plaintiff's right to privacy.

37. The constant unauthorized prying into Plaintiff's seclusion was highly offensive to Plaintiff and this intrusion would be objectionable to any reasonable person.

38. Defendant's unsolicited phone harassment campaign severely disrupted Plaintiff's privacy, disrupted Plaintiff's sleep, disrupted Plaintiff's workflow and work productivity, disrupted Plaintiff's mealtimes, and continually frustrated and annoyed Plaintiff into submission.

39. These persistent collection calls eliminated the peace and solitude that Plaintiff would have otherwise had in Plaintiff's home, work, and anywhere else Plaintiff went with her cellular phone.

40. By continuing to call Plaintiff in an attempt to dragoon Plaintiff into signed up for online courses with Defendant, Plaintiff had no reasonable escape from these incessant calls.

41. As detailed above, by persistently autodialing Plaintiff's cellular phone without her prior express consent, Defendant invaded Plaintiff's right to privacy, as legally protected by the TCPA, and caused Plaintiff to suffer concrete and particularized harm.

42. Defendant's relentless collection conduct and tactic of repeatedly auto dialing Plaintiff's cellular phone after she requested that these calls cease is highly offensive to a reasonable person.

43. Defendant intentionally and willfully intruded upon Plaintiff's solitude and seclusion.

**WHEREFORE**, LAQUETTA M. WARD, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff actual damages;

c. Award Plaintiff punitive damages;

d. Award Plaintiff her reasonable attorney's fees & costs;

e. Enjoining Defendant from contacting Plaintiff; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

## **COUNT III-INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

44. Plaintiff restates and realleges paragraphs 1 through 43 as though fully set forth herein.

45. To state a claim for intentional infliction of emotional distress, a plaintiff must allege (1) the defendant acted intentionally or recklessly; (2) the defendant's conduct was extreme and outrageous; (3) the conduct caused the plaintiff emotional distress; and (4) the emotional distress was severe. *Hoffmann--La Roche Inc. v. Zeltwanger*, 144 S.W.3d 438, 447 (Tex. 2004).

46. Defendant intentionally engaged in extreme and outrageous conduct when Defendant incessantly tried to dragoon the Plaintiff into signing up for its services.

47. Defendant knew that its relentless phone calls would inflict severe emotional distress on Plaintiff and Plaintiff's general well-being.

48. Defendant's conduct was beyond all possible bounds of decency, was atrocious and utterly intolerable in a civilized society.

49. Defendant knew or should have known that Plaintiff had revoked consent to be contacted by any means.

50. Defendant's conduct was designed to cause severe emotional distress to the Plaintiff.

51. Defendant intentionally caused Plaintiff's emotional distress by way of endless phone calls, at all hours of the day, whether Plaintiff was at home or at work, in effort to coerce Plaintiff into registering for courses with Defendant.

52. Defendant's actions were designed to instill fear and emotional distress upon Plaintiff.

53. Defendant's intentional or reckless conduct caused severe emotional distress to Plaintiff.

54. Plaintiff suffered an extreme disabling emotional response to Defendant's conduct that resulted in exasperation of Plaintiff's stress.

55. As stated above, Plaintiff has suffered damages from Defendant's extreme and outrageous conduct.

**WHEREFORE,** Plaintiff LAQUETTA M. WARD respectfully requests that this Honorable Court enter judgment in her favor as follows:

    a. Enter judgment in her favor and against Defendant;

    b. Award Plaintiff her actual damages in an amount to be determined at trial;

    c. Award Plaintiff punitive damages in an amount to be determined at trial;

    d. Award any other relief this Honorable Court deems equitable and just.

## COUNT IV-TRESPASS TO PERSONAL PROPERTY

56. Plaintiff restates and realleges paragraphs 1 through 55 as though fully set forth herein.

57. Trespass to Personal Property is "an injury to, or interference with, possession, unlawfully, with or without the exercise of physical force." *Mountain States Tel. & Tel. Co. v. Vowell Constr. Co.*, 341 S.W.2d 148, 150 (Tex. 1960).

58. "The harm recognized by the ancient common law claim of trespass to chattels — the intentional dispossession of chattel, or the use of or interference with a chattel that is in the possession of another, is a close analog for a TCPA violation." *Mey v. Got Warranty, Inc.,* 193 F.Supp.3d 641, 647 (N.D. W. Va. 2016).

59. Courts have applied this tort theory to unwanted telephone calls and text messages. *See Czech v. Wall St. on Demand,* 674 F.Supp.2d 1102, 1122 (D.Minn. 2009) and *Amos Financial, L.L.C. v. H&B&T Corp.,* 48 Misc.3d 1205(A), 2015 WL 3953325, at *8 (N.Y.Sup. Ct. June 29, 2015).

60. "Even if the consumer does not answer the call or hear the ring tone, the mere invasion of the consumer's electronic device can be considered a trespass to chattels, just as "plac[ing a] foot

8

on another's property" is trespass." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1551 (2016) (Thomas, J., concurring).

61. Defendant's interfered with Plaintiff's ability to use her cellular phone while it was in her possession.

62. Defendant bombarded Plaintiff with numerous unwanted phone calls, leaving her unable to use or possess her phone in the manner in which she wanted to.

63. Defendant knew or should have known that their phone were not consented to, as Plaintiff stated that Defendant must cease contacting her on numerous occasions.

64. Defendant caused damage to Plaintiff's phone, including, but not limited to, the wear and tear caused to her cellular telephone, the loss of battery charge, and the loss of battery life.

65. Plaintiff also suffered damages in the form of stress, anxiety, and emotional distress, from Defendant's continuous interference with her possession of her cellular phone.

**WHEREFORE,** Plaintiff LAQUETTA M. WARD respectfully requests that this Honorable Court enter judgment in her favor as follows:

    a. Enter judgment in her favor and against Defendant;
    b. Award Plaintiff her actual damages in an amount to be determined at trial;
    c. Award Plaintiff punitive damages in an amount to be determined at trial;
    d. Enjoining Defendant from contacting Plaintiff;
    e. Award any other relief this Honorable Court deems equitable and just.

**Plaintiff demands trial by jury.**

Dated: March 31, 2020                                   Respectfully Submitted,

/s/ Alexander J. Taylor
/s/ Omar T. Sulaiman
Alexander J. Taylor, Esq.
Omar T. Sulaiman, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
ataylor@sulaimanlaw.com
osulaiman@sulaimanlaw.com
